## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT
## OF VIRGINIA

| | |
|---|---|
| ROBERTO TRUJILLO,     ) | |
|        ) | |
|     Plaintiff    ) | |
|        ) | |
|     v.      ) | No. 2:15 cv 518 |
|        ) | |
| LANDMARK MEDIA ENTERPRISES,   ) | |
|        ) | |
| LLC; DOMINION ENTERPRISES, INC.;  ) | |
|        ) | |
| FRANK BATTEN, JR; TERESA F.    ) | |
|        ) | |
| BLEVINS; SUSAN R. BLAKE;     ) | |
|        ) | |
| JACK J. ROSS; AND MELODI ALBERT  ) | |
|        ) | |
|     Defendants   ) | |

## COMPLAINT

Now comes the plaintiff, ROBERTO TRUJILLO ("Plaintiff"), Pro se, and complaining against defendants, LANDMARK MEDIA ENTERPRISES, LLC ("Defendant LME"), DOMINION ENTERPRISES, INC. ("Defendant DE"), FRANK BATTEN, JR. ("Defendant Batten"), TERESA F. BLEVINS ("Defendant Blevins"), SUSAN R. BLAKE ("Defendant Blake"), JACK J. ROSS ("Defendant Ross"), and MELODI ALBERT ("Defendant Albert") he states:

### *Jurisdiction and Venue*

1.     Jurisdiction of the court for the federal claim under 29 U.S.C. §1132 is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought pursuant to § 510 of ERISA.  In addition, this action may be brought before

this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2.      The ERISA statute provides, at 29 U.S.C. §1132, an avenue for a civil action procedure which is only available to specific individuals which the statute has empowered. Several attempts by Plaintiff to negotiate an amicable resolution to the ERISA claim have been made thus exhausting all potential avenues to settle the matter.

3.      The state claim of Defamation is the direct result of the Defendants' handling of the circumstances that give rise to the ERISA claim.

4.      Venue is proper in the Eastern District of Virginia. 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391.

### *Nature of Action*

5.      The first claim alleges the retaliation and discharge of the Plaintiff on October 20, 2015 by the Defendants.  This occurred following the Plaintiff repeatedly advising the Defendants, throughout the months of May 2015 through October 2015 in particular, of numerous fiduciary breaches in the administration of the Landmark Retirement Plus Plan ("LME Retirement Plan") and the Dominion Enterprises 401(K) Employees' Savings Plan (DE 401(K) Plan") among other errors in their sponsored benefit plans.  Plaintiff verified that the breaches occurred for a minimum of nine years during which time Defendant Blevins and Defendant Blake served as Plan Administrators.  This action is brought pursuant to § 502(a)(3) of ERISA (29 U.S.C. §1132(a)(3)).

6.      The second claim under Virginia state law alleges that Defendants defamed the Plaintiff's personal and professional character via published remarks on the Glassdoor.com

website. These remarks allege that the Plaintiff was responsible for the untruthful culture exhibited by senior management at Defendant LME and Defendant DE.

### The Parties

7.      Plaintiff is a resident of Virginia Beach, Virginia, located within the Eastern District of Virginia. Plaintiff was hired by Defendant DE on January 27, 2014 to serve in the capacity of Director of Benefits & Safety.

8.      Defendant LME is headquartered at 150 Granby Street Norfolk, Virginia and is thus located within the Eastern District of Virginia. Defendant LME is the sponsor of the LME Retirement Plan, a defined contribution plan. The plan was established on July 1, 1985 to provide retirement savings for employees of Landmark Media Enterprises, LLC and its various affiliates. The plan is funded by employer and employee contributions.

9.      Defendant DE is headquartered at 150 Granby Street Norfolk, Virginia and is thus located within the Eastern District of Virginia. Defendant DE is the sponsor of the DE 401(K) Plan, a defined contribution plan. The plan was established on April 1, 1991 to provide retirement savings for employees of Dominion Enterprises, Inc. and its various affiliates. The plan is funded by employer and employee contributions.

10.     The LME Retirement Plan and the DE 401(K) Plan each respectively constitute an employee pension benefit plan as defined by 29 U.S.C. 1002(2). Defendant LME and Defendant DE as sponsors to their respective plans, are parties-in-interest to their respective plans as defined by the ERISA statute in 29 U.S.C. § 1002(14). Defendant LME and Defendant DE are thereby a fiduciary to their respective plans as they meet the definition of fiduciary pursuant to § 3(21) of ERISA (29 U.S.C. §1002(21)).

11. Defendant Batten serves as the CEO of Defendant LME and Defendant DE. Defendant Batten is a Norfolk resident and works out of the Norfolk, Virginia office. Defendant Batten thereby falls under the jurisdiction of the Eastern District of Virginia. Defendant Batten sits on the 401(K) Executive Committee which is the named fiduciary for both the LME Retirement Plan and the Dominion 401(K) Plan. As the named fiduciary, the Committee meets the definition of fiduciary pursuant to § 3(21) of ERISA (29 U.S.C. §1002(21). As a result, Defendant Batten is a fiduciary to the plans. Defendant Batten's status as a fiduciary to the plans thereby subjects him to the jurisdiction of this court for the §1132(a)(3) claim and Defendant Batten is subject to claims under the laws of Virginia which may be heard by this court.

12. Defendant Blevins serves as the CFO of Defendant LME and Defendant DE. Defendant Blevins is a resident of Virginia Beach and works out of the Norfolk, Virginia office. Defendant Blevins thereby falls under the jurisdiction of the Eastern District of Virginia. Defendant Blevins sits on the 401(K) Executive Committee which is the named fiduciary for both the LME Retirement Plan and the Dominion 401(K) Plan. As the named fiduciary, the Committee meets the definition of fiduciary pursuant to § 3(21) of ERISA (29 U.S.C. §1002(21). As a result, Defendant Blevins is a fiduciary to the plans not only for her service as a Committee member but also for her prior service as Plan Administrator to the plans. Defendant Blevins' status as a fiduciary to the plans thereby subjects her to the jurisdiction of this court for the §1132(a)(3) claim and is subject to claims under the laws of Virginia which may be heard by this court.

13. Defendant Blake serves as the Vice President of Human Resources for Defendant LME and Defendant DE. Defendant Blake is a Norfolk resident, and works out of the Norfolk,

Virginia office. Defendant Blake thereby falls under the jurisdiction of the Eastern District of Virginia. Defendant Blake is the Secretary to the 401(K) Executive Committee which is the named fiduciary for both the LME Retirement Plan and the Dominion 401(K) Plan. Defendant Blake is the Plan Administrator to the plans and thereby meets the definition of fiduciary pursuant to § 3(21) of ERISA (29 U.S.C. §1002(21). As a result, Defendant Blake is a fiduciary to the plans. Defendant Blake's status as a fiduciary to the plans thereby subjects her to the jurisdiction of this court for the §1132(a)(3) claim and is subject to claims under the laws of Virginia which may be heard by this court.

14. Defendant Ross serves as the COO of Defendant LME and Defendant DE. Defendant Ross is a resident of Virginia Beach and works out of the Norfolk, Virginia office. Defendant Ross thereby falls under the jurisdiction of the Eastern District of Virginia. Defendant Ross sits on the 401(K) Executive Committee which is the named fiduciary for both the LME Retirement Plan and the Dominion 401(K) Plan. As the named fiduciary, the Committee meets the definition of fiduciary pursuant to § 3(21) of ERISA (29 U.S.C. §1002(21). As a result, Defendant Ross is a fiduciary to the plans. Defendant Ross' status as a fiduciary to the plans thereby subjects him to the jurisdiction of this court for the §1132(a)(3) claim and is subject to claims under the laws of Virginia which may be heard by this court.

15. Defendant Albert serves as the Vice President of Management Development, Training, Recruiting for Defendant DE, is a resident of Norfolk, and works out of the Norfolk, Virginia office. Defendant Albert thereby falls under the jurisdiction of the Eastern District of Virginia and is subject to claims under the laws of Virginia which may be heard by this court.

### *Statement of Facts*

16.     Plaintiff was hired by Defendant DE on January 27, 2015 to serve in the role of the Director of Benefits & Safety. Per Defendant Blake, the Plaintiff was hired in order to "bring significant benefit and analytical expertise" to Defendant DE. Defendant Blake acknowledged to the Plaintiff that she has no ERISA or employee benefit plan experience. Plaintiff was hired to direct a benefits department staff lacking in formal education, certifications or specific ERISA training. Soon after Plaintiff's hire, Benefits Manager Tammy Josephson advised Plaintiff that he was the fourth Director hired by Defendant DE in the past five years.

17.     Upon entering his role, Plaintiff's name was added to the signatory authority list for the LME Retirement Plan and the DE 401(K) Plan. These plans are administered in coordination with Vanguard. The list of the individuals with authority over plan assets is maintained by Vanguard. With this authority over plan assets, Plaintiff meets the definition of fiduciary to the two plans pursuant to § 3(21) of ERISA (29 U.S.C. §1002(21)).

18.     On or about May 2015, Plaintiff increased his communications with Defendants LME and DE regarding two projects. The LME Retirement Plan required an audit due to improper vesting of plan participants. Plaintiff and his staff held a meeting with Vanguard from which it was determined that Vanguard was improperly vesting participants in the plan. Vanguard was given authority to manage participant vesting by Defendant LME and Defendant Blevins in 2009. Per the LME Retirement Plan Document, vesting was to occur when a participant achieved two years of 1,000 hours of service. Per Vanguard, Defendant LME nor Defendant Blevins never provided Vanguard with the necessary reports to verify whether a participant achieved the necessary hours to vest. Neither Defendant LME, the Defendants on the Committee, Defendant Blevins in her capacity as the former Plan Administrator nor Defendant

- 6 -

Blake in her current role as the Plan Administrator verified that Vanguard was provided the

necessary participant hours of service reporting to manage participant vesting. As a result,

Defendant LME as plan sponsor, the Defendants on the Committee as the named fiduciary,

Defendant Blevins in her capacity as the former Plan Administrator nor Defendant Blake in her

current role as Plan Administrator took the necessary steps to monitor the administrative services

performed by Vanguard to ensure that the vesting duties were properly performed. Due to these

breaches in duty, participants who should have been vesting lost their vested benefit of employer

contribution matches to their plan accounts. These funds were unlawfully diverted to a

Defendant LME forfeiture account. The dollars in the forfeiture account were used to the benefit

of Defendant LME as instructed by Defendant LME, Defendant Blevins, and Defendant Blake.

Failure to monitor the administrative services to an ERISA plan is a breach of fiduciary duty to

the Plan which is an ERISA violation along with the failure to protect the plan accounts of the

participants. As a result of the pattern of fiduciary breaches by Defendant LME, the Defendants

on the Committee, Defendant Blevins in her capacity as the former Plan Administrator and

Defendant Blake in her current role as Plan Administrator, the LME Retirement Plan was

administered in a manner contrary to the Plan Document resulting in an ERISA violation.

19. Plaintiff in his efforts to remedy this long pattern of breaches, was able to obtain

an admission of fault from Vanguard. Vanguard admitted to not properly vesting participants

from 2009 through present. Vanguard places a portion of the fault on Defendant LME's failure

to provide Vanguard with the hours of service reporting data. Vanguard provided Plaintiff a

spreadsheet of vesting eligible participants from 2006 through the end of 2014 to review. In

spite of the verification that vesting errors occurred prior to 2009, Plaintiff was ordered by

Defendant Blevins and Defendant Blake not to determine the extent of the vesting errors that

occurred prior to 2009. Vesting errors occurring prior to 2009 are solely due to errors committed by Defendant LME.

20.     Plaintiff was also working on finalizing an audit of the DE 401(k) Plan due to verification that Defendant DE's payroll department, managed by Defendant Blevins, was not properly segregating plan participant employee contribution dollars to the DE 401(K) Plan. These failures to manage the participant employee contributions date back to at least Plan Year 2006. Neither Defendant DE as plan sponsor, the Defendants on the Committee as the named fiduciary, Defendant Blevins in her capacity as the former Plan Administrator nor Defendant Blake in her current role as Plan Administrator made any effort to ensure that the DE payroll department was properly segregating participant employee contributions from payroll in order to deposit these dollars into the DE 401(K) Plan. As a result of the pattern of fiduciary duty breaches by Defendant DE, the Defendants on the Committee, Defendant Blevins in her capacity as the former Plan Administrator and Defendant Blake in her current role as Plan Administrator, the DE 401(K) Plan was administered in a manner contrary to the Plan Document resulting in an ERISA violation. All of the Defendants, who are a fiduciary to the DE 401(K) Plan, had previously dealt with the exact same breach of duty when it was previously identified approximately three years ago. At that time, it was identified that the payroll department was not properly segregating plan participant employee contribution dollars to the LME Retirement Plan. In spite of that verified breach, neither of the fiduciaries to the LME Retirement Plan who are also the fiduciaries to the DE 401(K) Plan took the reasonable steps to determine if such an error occurred in the DE 401(K) Plan, which it had.

21.     Plaintiff kept Defendant DE and Defendant LME updated on the status of these two issues by submitting weekly reports to Defendant Blake and coordinating strategy meetings

- 8 -

with the staff of Defendant Blevins. Plaintiff also coordinated with ERISA Counsel Patrick M.

Allen from Womble Carlyle's Winston-Salem, North Carolina office who supported the

Plaintiff's remedy strategy position. Defendant Blevins and her staff countered the Plaintiff's

efforts to remedy the errors found by requiring that the full dollar amount necessary to address

all years in error be calculated prior to Defendant LME and Defendant DE filing their Form

5500's by the October 15, 2015 extension deadline. Defendant LME, Defendant DE and

Defendant Blevins made numerous reckless directives with the apparent intent of derailing a

timely filing of the Form 5500's. This includes Defendant Blevins, on or about September 10,

2015, choosing to hire a new outside auditor to complete the IRS Form 5500 filings for the

October 15, 2015 deadline. Per Kelly Sneed, Director of Reporting and Planning for both

Defendant LME and Defendant DE, at the direction of Defendant Blevins, the auditing task

would be removed from KPMG and given to the local firm of Wall, Einhorn & Chernitzer (Wall

Einhorn). Wall Einhorn, who had no prior working relationship with Defendant LME and

Defendant DE, was hired to handle the benefit plan audits on a trial basis. The latter would

determine whether to permanently use Wall Einhorn for corporate audits. Wall Einhorn's staff

included a newly hired senior manager who was recently terminated by Defendant LME and

Defendant DE. Plaintiff saw no written assurances that Wall Einhorn's hiring of a former

executive of Defendant LME and Defendant DE did not constitute a conflict of interest.

Defendant Blevins, who is not the current Plan Administrator, then forced the internal

management of the benefit plan audits for the Form 5500 filings away from the benefits

department. Defendant Blevins transferred these duties to her finance and accounting staff, in

particular Kelly Sneed and Debra Bunn, Chief Accounting Officer for Defendant DE.

22. With Defendant Blevins forcing her staff to manage the benefit plan audits, Kelly Sneed and Defendant Blevins threatened, with approximately one week left to file the Form 5500's, not to sign off on the financial statements required to complete the Form 5500 filings for the LME Retirement Plan and the DE 401(K) Plan. Defendant Blevins indicated that she had received the authority for each of her decisions in managing the filings from Defendant Batten. Plaintiff quickly coordinated a meeting with Plaintiff's staff and invitations to Defendant Blevins, Kelly Sneed, Debra Bunn and Colleen Pittman Vice President of Tax and Audit for Defendant LME. Plaintiff scheduled an October 7, 2015 meeting to have ERISA Counsel Patrick Allen discuss the necessary steps to remedy the breaches found, the timetable to complete the remedies, and the negative impact that would result from Defendant DE and Defendant LME not filing their required Form 5500's. Defendant Blevins chose not to attend and then decided to ignore the legal advice obtained from Womble Carlyle and seek an opinion from Cher E. Wynkoop of Wilcox and Savage. The reason given by Defendant Blevins' staff for seeking the additional opinion was that the Defendants were not comfortable with the calculation of approximately $30,000 in lost earnings to be applied to the remedy of the DE 401(K) Plan fiduciary breach. The meeting with Attorney Wynkoop occurred on October 9, 2015 and provided options that would not provide a reasonable savings from the remedy strategy already obtained and would likely result in audits of the DE 401(K) Plan by the IRS and the US Department of Labor.

23. On our about the week of October 12, 2015 while Plaintiff was finalizing the efforts to complete a timely filing of the Form 5500's, Plaintiff advised Defendant Blake that in compiling the necessary data for the compliance requirements for the Affordable Care Act ("ACA"), it was discovered that the Virginian Pilot, a subsidiary of Defendant LME, was

improperly managing payroll records of its employees. In reviewing the monthly average hours completed by non-benefit eligible employees in the "look back" period allowed in the ACA, a number of employees surpassed the 30 hour threshold thus making these employee benefit eligible. While reviewing these findings, Plaintiff was advised by the Virginian Pilot's Human Resources Management, Julie Richardson and Sonia Bulifant, that during holiday hours the payroll department would double the hours worked rather than adjust the employees' pay as double time. As a result, the average hours worked reports were unreliable.

24.     Plaintiff also advised Defendant Blake that the method of compensation for 401(K) contribution purposes used by Benefits Manager Tammy Josephson during her long standing involvement with the DE 401(K) Plan was undercutting participant contributions and should be remedied.

25.     During this time, Plaintiff was also instructed by Defendant Blake not to implement an adjustment to the prescription coverage plan which would provide savings for the plan and its participants. Defendant Blake justified her decision because the adjustment would negatively impact the out-of-pocket expense for a Vice President within the organization.

26.     Plaintiff and his benefit staff were advised by Debra Bunn, Chief Accounting Officer for Defendant DE, that the fiduciary Defendants would follow the Plaintiff's recommended strategy for completing the Form 5500 filings and not follow the opinion received from Attorney Wynkoop of Wilcox and Savage. Debra Bunn shared that she too does not always agree with the decisions made by the fiduciary Defendants. In particular, Debra Bunn did not agree in the strategy of repeatedly creating new "business entities" and shifting employees into these new entities in order to lower the tax liability faced by Defendant LME and Defendant DE. While this tactic did not always lower the Defendants tax liability as some states

questioned the tactic, there were enough states per Debra Bunn that did not question the tactic and the Defendants sustained a lowered tax liability.

27.    The Form 5500's were filed by the October 15, 2015 deadline following the Plaintiff working directly with Wall Einhorn who acknowledged that the threats and fears of financial restatements claimed by Kelly Sneed and Defendant Blevins were baseless. Plaintiff made edits to the Rep Letters which detailed that the errors to the LME Retirement Plan and the DE 401(K) Plan constitute ERISA violations. Inclusion of the Plaintiff's edits to the Rep Letters were overruled by the Defendants and omitted. Plaintiff now questions the intent of Defendant LME and Defendant DE to fully correct the breaches. The Defendants merely wanted to obtain the Plaintiff's signature on the Rep Letter prior to completing the retaliatory termination of the Plaintiff within a week's timeframe.

28.    Defendant Blake, who was on maternity leave, came into the office on October 14 and 15, 2015 to complete the online filings of the Form 5500's. She left immediately following each filing session due to her claim of lack of childcare while on her maternity leave. Defendant Blake, still on maternity leave, apparently coordinated childcare to schedule a late afternoon meeting with Plaintiff on October 20, 2015. Per Defendant Blake, the fiduciary Defendants did not have faith in the Plaintiff and therefore Plaintiff was terminated. Based on this termination and its timing, Plaintiff believes that the fiduciary Defendants gave Plaintiff the impression that they would make the full and necessary corrections to the breaches in order to obtain Plaintiff's signature on the Rep Letters for the Form 5500 filings. Plaintiff is now of the belief that the fiduciary Defendants will not make the necessary corrections and continue to breach their fiduciary duties.

- 12 -

29.     On or about October 24, 2015, the review section for Defendant DE on the Glassdoor.com website was updated to include a submission stating; "Director of benefits fired". The comments of the review went on to state, "The fake reviews here was discovered to be the director of benefits. He was relieved of his duties. Maybe there will be more honesty now." This comment was left by an individual self-identified as a "Current Employee - IT Developer in Norfolk, VA". This review submission establishes that the submitter of the comment review received slanderous statements from Defendant DE about the Plaintiff's character alleging that the Plaintiff is unfit to hold his position. On October 30, 2015, Defendant DE replied to the October 24, 2015 review comment through the office of Defendant Albert by stating, "This is untrue. No one is compelled to write a review. You work here. If you want to discuss, call me." Defendant Albert's comments of "This is untrue." is not disputing that Plaintiff was fired for submitting fake reviews. Defendant Albert is, instead, only disputing the fact that DE is coercing staff to falsify positive reviews to dilute the negative ratings received by Defendant DE. Defendant Albert implies that Defendant DE did ask employees to submit positive reviews but that Defendant DE is not compelling employees to submit reviews.

30.     The statements published on the Glassdoor.com website comment review section on October 24, 2015 falsely accuses the Plaintiff, the Director of Benefits who was just terminated *days before*, as voluntarily submitting false reviews. Defendant DE was voted one of the "worst companies to work for" in Glassdoor.com's 2009 survey that included a 26% CEO approval rating. The comment review submitter is alleging that Defendant DE is claiming that the Plaintiff submitted numerous fake reviews with positive ratings in order to dilute the excessively negative rankings that Defendant DE received in 2009. The accusation that the Plaintiff had in any way submitted fake reviews is completely untrue and unverified. Plaintiff

- 13 -

has never submitted any comments or reviews on Glassdoor.com that apply to Defendant DE or any other business related or unrelated to the Defendants.

31.     The response submitted by Defendant Albert in no way corrected the false accusations published about the Plaintiff's reputation regarding the Plaintiff submitting fake reviews regarding Defendant DE.  Nor does Defendant Albert's response correct the false accusation that the dishonest culture at Defendant DE will improve now that the Plaintiff has been terminated.  Defendant DE, Defendant Blake and Defendant Albert took no steps to correct the slanderous words being stated about the Plaintiff.  The submitter of the comment review appears to have received this false and defamatory comments about the Plaintiff from Defendant DE.  This led to the October 24, 2015 review.  Defendants recklessly failed to correct the libelous statements published on the Glassdoor.com website about the Plaintiff.  The Defendants' failure to correct the libelous comments on Glasdoor.com about the Plaintiff results in an endorsement of the libelous comments and thus multiplying the Plaintiff's injury.  Per Glassdoor.com, multiple readers deemed the October 24, 2015 as "Helpful" which establishes that the publication of these defaming statements against the Plaintiff has been seen by many.

32.     As stated in *The Gazette, Inc. v. Harris*, 229 Va. 1, 7, 325 S.E. 2d 713, 720 (1985), "[t]he individual's right personal security includes his uninterrupted entitlement to enjoyment of his reputation."  The state of Virginia recognizes that the publication of an actionable statement with the requisite intent establishes injury by libel.  As the Court noted in *The Gazette* case, an actionable statement is one that is both false and defamatory.  The comments made about the Plaintiff on the Glassdoor.com website are false as the Plaintiff had nothing to do with inputting reviews onto the Glassdoor.com website.  Further the comments are defamatory as the comments allege that the Plaintiff creates or added to the untruthful culture

- 14 -

associated with Defendant DE and that the Plaintiff was terminated for submitting false reviews on the Glassdoor.com website. These comments look to paint the Plaintiff as someone who is unfit to serve in a fiduciary capacity which looks to prejudice the Plaintiff's ability to continue his chosen line of profession. Defendant DE, Defendant Blake and Defendant Albert are fully aware that the decision to terminate the Plaintiff had nothing to do with reviews on the Glassdoor.com website.

### *Underlying Statutory Provisions*

33.     The Plaintiff in his fiduciary role gave information to Defendant LME, Defendant DE, Defendant Batten, Defendant Blevins, Defendant Ross and Defendant Blake regarding multiple fiduciary breaches and ERISA violations in the administration of the LME Retirement Plan and the DE 401(K) Plan and other sponsored ERISA plans which led to an internal inquiry to determine the extent of the breaches and violations under ERISA. These internal inquiries were approved and under the control of the Defendants. Being that Defendant LME and Defendant DE are plan fiduciaries in their role as plan sponsor, and Defendant Batten, Defendant Blevins, and Defendant Ross are plan fiduciaries as members of the Committee which is the named fiduciary to both the LME Retirement Plan and the DE 401(K) Plan, and Defendant Blake in her current role as Plan Administrator is thus a plan fiduciary, they all hold a duty to "discharge their duties to the plan solely in the interest of the participant and beneficiaries" as pursuant to 29 U.S.C. § 1104. These Defendants show a pattern of failing to meet their fiduciary duties to their sponsored plans. Further, these Defendants violated 29 U.S.C. § 1140 by retaliating against the Plaintiff and discharging him after he advised the Defendants that numerous ERISA violations occurred for years and Plaintiff was attempting to coordinate a suitable remedy to protect the plan, participants, beneficiaries and the fiduciaries. Defendants

- 15 -

responded by terminating Plaintiff for his participation in ERISA protected activities as pursuant to 29 U.S.C. § 1140.

### *Facts Giving Rise to a Cause of Action*

34.     Notwithstanding the foregoing statutory provisions, Defendant LME, Defendant DE, Defendant Batten, Defendant Blevins, Defendant Ross, and Defendant Blake failed to abide by their fiduciary duties by failing to administer their benefit plans as written in the respective plan documents and their failure to remedy errors and violations once identified. The fiduciary Defendants chose to terminate the Plaintiff in order to keep the status quo of uneducated plan administrative management. The fiduciary Defendants told the Plaintiff that his termination was due to a lack of faith. In spite of this alleged lack of faith, the fiduciary Defendants still wanted to ascertain the Plaintiff's signature for the Form 5500 filings. During the Plaintiff's termination, Defendant Blake stated that she liked the Plaintiff as a person but the underlying implication was that the fiduciary Defendants did not like the Plaintiff professionally for constructively managing the remedy of the fiduciary Defendants' years of breaches which would ultimately hold the company accountable. In efforts to continue to hide the many years of fiduciary breaches, the Defendants slandered the Plaintiff to their employees by claiming that the Plaintiff was terminated for creating fake reviews about Defendant DE on Glassdoor.com. The Defendants are aware that these defamatory statements about the Plaintiff were then published on the Glassdoor.com website but took no steps to correct the defamatory comments. The Defendants could not correct the defamatory comments against the Plaintiff because in doing so on such a public forum would cause the Defendants to lose its employees' trust. This would return the Defendants to being one of the "worst companies to work for." Defendants chose to have the

Plaintiff suffer injury through the defamatory statements in order to keep up their facade that they are a company that treats its employees well.

WHEREFORE, Plaintiff prays for the following relief:

A. That the court order the Defendant DE to reinstate the Plaintiff to his position as Director of Benefits & Safety as of the date from which Plaintiff was removed;

B. That Plaintiff be awarded all applicable back-pay wages owed following reinstatement plus interest from the date of Plaintiff's removal to the date of his reinstatement in order to make the Plaintiff whole;

C. If the Defendant refuses to reinstate the Plaintiff, Plaintiff requests that the court determine some other form of equitable relief on behalf of the Plaintiff's ERISA claim in order to make the Plaintiff whole;

D. That the court order Defendant LME, Defendant DE, Defendant Batten, Defendant Blevins, Defendant Ross, Defendant Blake and Defendant Albert to provide Plaintiff monetary compensation for their defamation of the Plaintiff's personal and professional character in an amount in excess of $800,000.00 and punitive damages for the professional and personal harm to the Plaintiff in an amount in excess of $950,000.00.

E. That the court award the Plaintiff costs pursuant to 29 U.S.C. § 1132(g); and

F. That the court award Plaintiff any and all other relief to which he may be entitled.

Dated: December 1, 2015                              Respectfully Submitted,

Pro se

Roberto Trujillo
2205 Covered Bridge Way
Virginia Beach, VA 23454
(630) 706-0584

Landmark Media Enterprises, LLC
150 Granby St
Norfolk, VA 23510
757-351-8000

Dominion Enterprises, Inc.
150 Granby St
Norfolk, VA 23510
757-351-8000

Frank Batten, Jr.
7438 Flicker Point
Norfolk, VA 23505
c/o
Landmark Media Enterprises, LLC
150 Granby St
Norfolk, VA 23510
757-351-8000

Teresa F. Blevins
c/o
Landmark Media Enterprises, LLC
150 Granby St
Norfolk, VA 23510
757-351-8000

Susan R. Blake
6022 South River Rd
Norfolk, VA 23505
757-489-2212

Jack R. Ross
118 Pinewood Rd Suite B.
Virginia Beach, VA 23451
757-333-4645

Melodi Albert
3420 Norway Pl
Norfolk, VA 23509
713-839-0224
c/o
Dominion Enterprises, Inc.
150 Granby St
Norfolk, VA 23510
757-351-8000

**(M) Ghostwriting:**
(1) Any attorney who prepares any document that is to be filed in this Court by a person who is known by the attorney, or who is reasonably expected by the attorney, to be proceeding *pro se*, shall be considered to have entered an appearance in the proceeding in which such document is filed and shall be subject to all rules that govern attorneys who have formally appeared in the proceeding.
(2) All litigants who are proceeding *pro se* shall certify in writing and under penalty of perjury that a document(s) filed with the Court has not been prepared by, or with the aid of, an attorney or shall identify any attorney who has prepared, or assisted in preparing, the document.

**Each document filed with the court by a *pro se* litigant shall bear the following certification:**

**CERTIFICATION**

I declare under penalty of perjury that:
(1) No attorney has prepared, or assisted in the preparation of this document.

Roberto Trujillo
Name of *Pro Se* Party (Print or Type)

Signature of *Pro Se* Party
Executed on: ___12-1-15___ (Date)


OR

**CERTIFICATION**

2) _____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party
Executed on: _____ (Date)