UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

MAR − 8 2016

CLERK, US DISTRICT COURT
NORFOLK, VA

ROBERT TRUJILLO,

Plaintiff,

v.

ACTION NO. 2:15cv518

LANDMARK MEDIA
ENTERPRISES, LLC, *et al.*,

Defendants.

### DISMISSAL ORDER

This matter is before the Court on the Motion to Dismiss of Defendants Landmark Media

Enterprises, LLC, Dominion Enterprises, Inc., Frank Batten, Jr., Theresa F. Blevins, Susan R.

Blake, Jack J. Ross, and Melodi Albert (collectively "Defendants").   Defs.' Mot. to Dismiss,

ECF No. 7.   For the reasons set forth below, Defendants' Motion to Dismiss, ECF No. 7, is

**GRANTED**.

### I.   Factual Background

Plaintiff Robert Trujillo ("Plaintiff"), appearing *pro se*, filed a two-count Complaint

against Defendants for (i) a violation of the anti-retaliation provision of 29 U.S.C. § 1140

(Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA")), and (ii)

defamation.   Compl. ¶¶ 5-6.   Plaintiff alleges that he was hired by Defendant Dominion

Enterprises, Inc. to work as the Director of Benefits & Safety in January of 2015.   *Id.* ¶ 16.

Plaintiff claims that, shortly after his hire, he discovered various vesting-related errors in the

retirement plan of Defendant Landmark Media Enterprises, LLC.   *Id.* ¶ 18.   Additionally,

Plaintiff learned that the payroll department at Defendant Dominion Enterprises, Inc. was not

properly segregating employee contribution dollars in its 401(K) plan. *Id.* ¶ 20. Plaintiff alleges that he submitted weekly reports about these issues to the Vice President of Human Resources, coordinated strategy meetings with the Chief Financial Officer's staff, and discussed the matter with Defendants' ERISA Counsel. *Id.* ¶¶ 12-13, 21. The information provided by Plaintiff "led to an internal inquiry to determine the extent of the breaches and violations under ERISA." *Id.* ¶ 33. Plaintiff was terminated in October of 2015. *Id.* ¶ 28. At the time of his termination, Plaintiff was told that Defendants "did not have faith in the Plaintiff." *Id.* Plaintiff claims that his termination was retaliatory.

In his first cause of action, Plaintiff alleges that "these Defendants violated 29 U.S.C. § 1140 by retaliating against the Plaintiff and discharging him after he advised the Defendants that numerous ERISA violations occurred for years and Plaintiff was attempting to coordinate a suitable remedy to protect the plan, participants, beneficiaries and the fiduciaries." *Id.* ¶ 33. In his second cause of action, Plaintiff asserts a state law defamation claim against Defendants. Plaintiff alleges that, shortly after his termination, defamatory comments were posted in a "review section for Defendant DE on the Glassdoor.com website." *Id.* ¶ 29. Plaintiff claims that the comments falsely accused him of submitting fake reviews to a website. *Id.* ¶¶ 30-32.

## II. Discussion

### A. Standard of Review

A motion to dismiss under Rule 12(b)(6) should be granted if a complaint fails to "allege facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting

*Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). As such, the district court must accept all factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Johnson*, 682 F. Supp. 2d at 567.

B.     Analysis

　　1.  ERISA Claim

Section 510 of ERISA makes it "unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter or the Welfare and Pension Plans Disclosures Act." 29 U.S.C. § 1140. For the anti-retaliation provision of Section 510 to apply, Plaintiff must establish that he gave information, testified, or is about to testify in an "inquiry or proceeding."

The Fourth Circuit Court of Appeals analyzed the "proper scope of the phrase 'inquiry or proceeding'" in *King v. Marriott Int'l, Inc.*, 337 F.3d 421 (4th Cir. 2003). In *King*, the plaintiff worked in the benefits department for her employer. The plaintiff learned that an executive recommended the transfer of millions of dollars from the employer's medical plan to a general corporate reserve account. *King*, 337 F.3d at 423. The plaintiff "doubted the appropriateness of this transfer and accordingly expressed her concern to co-workers and to [the executive]." *Id.* Fearing that the transfer would violate ERISA, the plaintiff "registered her objection with [the executive], as well as with two in-house attorneys, going so far as to request an opinion letter from one of the in-house attorneys." *Id.* The following year, another transfer of funds was proposed and the plaintiff objected, both verbally and in writing. *Id.* The plaintiff was ultimately terminated and filed a lawsuit in which she asserted, among other things, an ERISIA anti-retaliation claim.

3

The applicability of ERISA's anti-retaliation provision in *King* turned on whether the plaintiff gave information, testified, or was about to testify in an "inquiry or proceeding."   In determining the proper scope of the phrase "inquiry or proceeding," the Fourth Circuit looked to its prior analysis of "a very similar provision of the Fair Labor Standards Act" in *Ball v. Memphis Bar-B-Q Co.*, 228 F.3d 360, 364 (4th Cir. 2000).   *Id.* at 427.   The *King* Court explained:

> In *Ball*, we said that the "the 'proceeding' necessary for liability . . . refers to procedures conducted in judicial or administrative tribunals," noting that "proceeding," in the [Fair Labor Standards Act] was "modified by attributes of administrative or court proceedings." In particular, we explained, "testify" and "institute" both connote "a formality that does not attend an employee's oral complaint to his supervisor." We also concluded that the FLSA's use of narrower language than that found in the anti-retaliation provision of Title VII of the Civil Rights Act of 1964 counseled a narrower interpretation of the scope of the FLSA's anti-retaliation provision.

*Id.* (citations omitted).   With this guidance from *Ball*, the *King* Court explained the "inquiry or proceeding" requirement of Section 510 of ERISA as follows:

> In the instant case, as well, the use of the phrase "testified or is about to testify" does suggest that the phrase "inquiries or proceedings" referenced in section 510 is limited to the legal or administrative, or at least to something more formal than written or oral complaints made to a supervisor.   The phrase "given information" does no more than insure that even the provision of non-testimonial information (such as incriminating documents) in an inquiry or proceeding would be covered.   And, here as well as in *Ball*, the anti-retaliation provision in section 510 is much narrower than the equivalent anti-retaliation provisions in such statutes as Title VII of the Civil Rights Act of 1964, indicating a "much more circumscribed" remedy.

*Id.*   The *King* Court ultimately determined that ERISA's anti-retaliation provision did not apply to the plaintiff's facts.   The Court concluded:

> [The plaintiff's] complaint in state court alleged that she was terminated for complaining to her supervisor, [the executive,] and several other [of the defendant's] officers and attorneys about anticipated transfers of assets from [the defendant's] medical plan. Nowhere in the complaint does there appear any allegation that [the plaintiff] had testified in any proceeding (legal, administrative, or otherwise), or that she was about to testify. Nor is there any allegation that she had given information in such a proceeding. At best, [the plaintiff's] complaint, and the evidence in the record, show only that [the plaintiff] filed internal complaints with some of her co-workers, her supervisor, and some of [the defendant's] attorneys, filings which do not bring her within the ambit of section 510.

*Id.* at 428.

Here, Plaintiff summarizes his alleged protected activity as follows:

> The Plaintiff in his fiduciary role gave information to Defendant LME, Defendant DE, Defendant Batten, Defendant Blevins, Defendant Ross and Defendant Blake regarding multiple fiduciary breaches and ERISA violations in the administration of the LME Retirement Plan and the DE 401(K) Plan and other sponsored ERISA plans which led to an **internal inquiry** to determine the extent of the breaches and violations under ERISA.

Compl. ¶ 33 (emphasis added). Plaintiff further alleges that he submitted weekly reports to the Vice President of Human Resources about the benefit-related issues, coordinated strategy meetings with Chief Financial Officer's staff, and discussed the matter with Defendants' ERISA Counsel. *Id.* ¶ 21. As in *King*, Plaintiff does not allege that he testified (or was about to testify) in any "inquiry or proceeding" or gave information in an "inquiry or proceeding." Although Plaintiff may have provided information about ERISA violations to a number of individuals, who initiated an "internal inquiry," the factual allegations do not trigger the applicability of Section 510 of ERISA. Accordingly, Plaintiff's ERISA claim is **DISMISSED**.

2. Defamation Claim

The sole remaining claim against Defendants is a state law claim for defamation. "It has been well established that the decision to exercise supplemental jurisdiction [over a state law claim] after a federal claim has been dismissed, rests within the sole discretion of the Court." *Jones v. Tyson Foods,* 378 F. Supp. 2d 705, 710 (E.D. Va. 2004) (citing 28 U.S.C. § 1367(c)(3)); *see also Jordahl v. Democratic Party,* 122 F.3d 192, 203 (4th Cir. 1997). "[T]he doctrine of supplemental jurisdiction is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Shanaghan v. Cahill,* 58 F.3d 106, 110 (4th Cir. 1995). In determining whether to exercise supplemental jurisdiction over a state law claim following the dismissal of all federal claims, the Court should analyze "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity and considerations of judicial economy." *Shanaghan,* 58 F.3d at 110. Based on an analysis of these factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law defamation claim.

### III. Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 7, is **GRANTED**.

Plaintiff may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. This written notice must be received by the Clerk within thirty (30) days from the date of the entry of this Dismissal Order.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiff and counsel for Defendants.

IT IS SO **ORDERED**.

_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March        , 2016